**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000250
31-JUL-2025
08:27 AM
Dkt. 70 SO**

NO. CAAP-22-0000250

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

LEW AND MARIA De ABRAMS, individuals, THE SACRED EARTH ASSEMBLY,
a domestic nonprofit corporation, Appellants-Appellees, v.
MAUI PLANNING COMMISSION, COUNTY OF MAUI, Appellee-Appellee,
and
NĀ HĪNANO ‘O ‘ŌPĀNA, a domestic nonprofit corporation,
Applicant for Intervention-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-21-0000166(2))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

Applicant for Intervention-Appellant Nā Hīnano ‘O ‘Ōpāna (**Nā Hīnano**) appeals from the "Order Denying Movant Nā Hīnano['s] Motion To Intervene or Alternatively for Leave to File Brief of Amicus Curiae" (**Order Denying Intervention**), entered on April 6, 2022, by the Circuit Court of the Second Circuit (**Circuit Court**).[1] The Circuit Court denied Nā Hīnano's motion to intervene in a secondary agency appeal filed by Appellants-Appellees Lew Abrams (**Lew**) and Maria De Abrams (**Maria**) on behalf of the Sacred Earth Assembly (together, **SEA**).[2]

---

[1] The Honorable Peter T. Cahill presided.

[2] In a declaration filed on July 14, 2025, SEA's counsel stated, among other things, that Lew passed away on November 13, 2022, and that "Maria . . . on behalf of Sacred Earth Assembly continues on as the Plaintiff/ Appellant in this case."

The relevant chronology is as follows. On May 10, 2021, Appellee-Appellee Maui Planning Commission (**MPC**) issued its findings of fact, conclusions of law, decision and order (**MPC Order**) denying SEA's application for a special permit to operate a church, pursuant to Hawaii Revised Statutes (**HRS**) § 205-6. On June 8, 2021, SEA appealed to the Circuit Court from the MPC Order. On February 12, 2022, Nā Hīnano filed a motion to intervene in the appeal under Hawaiʻi Rules of Civil Procedure Rule 24 or, alternatively, for leave to file an amicus brief (**Motion to Intervene**). On April 6, 2022, the Circuit Court denied the Motion to Intervene.

On appeal, Nā Hīnano contends that the Circuit Court: (1) "failed to consider its jurisdiction in light of HRS § 205-19"; and (2) erred in denying the Motion to Intervene as of right by incorrectly concluding that the motion was untimely, and that Nā Hīnano's ability to protect its interests would not be impaired or impeded.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Nā Hīnano's contentions as follows, and vacate.

In its first point of error, Nā Hīnano challenges the jurisdiction of the Circuit Court over SEA's agency appeal. Nā Hīnano argues in part that the Land Use Commission (**LUC**), rather than MPC, "should have held the contested case, and the matter appealed to the Hawaiʻi [S]upreme [C]ourt, not the circuit court[,]" under HRS § 205-19.

We agree in part with Nā Hīnano's argument, *i.e.*, that the Circuit Court did not have jurisdiction over SEA's appeal under HRS § 205-19. HRS § 205-19(a) (2017 & Supp. 2019) states, in relevant part:

> Any other law to the contrary notwithstanding, including chapter 91, <u>any contested case</u> under this chapter <u>shall</u> be appealed from a final decision and order or a preliminary ruling that is of the nature defined by section 91-14(a) upon the record <u>directly to the supreme court</u> for final decision.

(Emphases added.) The supreme court has explained the history of

this provision, as follows:

> [I]n 2016 the legislature amended HRS § 91-14(b) to provide for direct review by the supreme court or the intermediate appellate court when provided by statute. 2016 Haw. Sess. Laws Act 48, § 5 at 77. Now HRS § 91-14(b) provides that "proceedings for review shall be instituted in the circuit court except where a statute provides for a direct appeal to the supreme court or the intermediate appellate court." In the same 2016 Act, the legislature enacted HRS § 205-19, regarding contested cases arising under HRS chapter 205. 2016 Haw. Sess. Laws Act 48, § 3 at 76-77. HRS § 205-19 provides: "any contested case under this chapter shall be appealed from a final decision and order or a preliminary ruling that is of the nature defined by section 91-14(a) upon the record directly to the supreme court for final decision."

In re Kanahele, 152 Hawaiʻi 501, 511-12, 526 P.3d 478, 488-89 (2023) (footnote, ellipsis, and original brackets omitted).

Here, SEA (through Lew and Maria) applied for a special permit under HRS Chapter 205 – specifically, HRS § 205-6.[3/]

---

[3/]      HRS § 205-6 (2017 & Supp. 2021), Special Permit, states, in relevant part:

> (a) Subject to this section, the county planning commission may permit certain unusual and reasonable uses within agricultural and rural districts other than those for which the district is classified. Any person who desires to use the person's land within an agricultural or rural district other than for an agricultural or rural use, as the case may be, may petition the planning commission of the county within which the person's land is located for permission to use the person's land in the manner desired. . . .

> (b) The planning commission, upon consultation with the central coordinating agency, except in counties where the planning commission is advisory only in which case the central coordinating agency, shall establish by rule or regulation, the time within which the hearing and action on petition for special permit shall occur. The county planning commission shall notify the land use commission and such persons and agencies that may have an interest in the subject matter of the time and place of the hearing.

> (c) The county planning commission may, under such protective restrictions as may be deemed necessary, permit the desired use, but only when the use would promote the effectiveness and objectives of this chapter; provided that a use proposed for designated important agricultural lands shall not conflict with any part of this chapter. A decision in favor of the applicant shall require a majority vote of the total membership of the county planning commission.

> (d) Special permits for land the area of which is greater than fifteen acres or for lands designated as important agricultural lands shall be subject to approval by the land use commission. The land use commission may impose additional restrictions as may

Public hearings were held on the application, and the proceeding was determined by MPC to be a contested case. A contested case is "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." HRS § 91-1 (Supp. 2017). Here, a hearing on SEA's application was "required by law" under HRS §§ 91-9 and 205-6(b) (quoted <u>supra</u>) and determined the legal rights, duties or privileges of SEA. <u>See</u> <u>Community Ass'ns of Hualalai, Inc. v. Leeward Planning Comm'n</u>, 150 Hawaiʻi 241, 255, 500 P.3d 426, 440 (2021) (ruling that a proceeding for a special permit application was a contested case because an agency hearing was required by planning commission rules and statutes, including HRS §§ 91-9 and 205-6(b), and such a hearing would have determined the legal rights, duties, or privileges of specific parties). The MPC Order was a final decision denying the application. To appeal from that order, under the plain and unambiguous language of HRS § 205-19(a), SEA was required to appeal directly to the supreme court. The Circuit Court thus lacked subject matter jurisdiction over SEA's appeal.[4]/

Lacking jurisdiction over the appeal, the Circuit Court

---

be necessary or appropriate in granting the approval, including the adherence to representations made by the applicant.

(e) A copy of the decision, together with the complete record of the proceeding before the county planning commission on all special permit requests involving a land area greater than fifteen acres or for lands designated as important agricultural lands, shall be transmitted to the land use commission within sixty days after the decision is rendered.

Within forty-five days after receipt of the complete record from the county planning commission, the land use commission shall act to approve, approve with modification, or deny the petition. A denial either by the county planning commission or by the land use commission, or a modification by the land use commission, as the case may be, of the desired use shall be appealable to the circuit court of the circuit in which the land is situated and shall be made pursuant to the Hawaii rules of civil procedure.

[4]/ Although HRS § 205-6(e) (quoted <u>supra</u>) provides that the denial of a special permit request by the county planning commission or the LUC is appealable to the circuit court, the provisions of HRS § 205-19(a) apply specifically to contested cases such as this, requiring appeal directly to the supreme court. We take judicial notice of the Circuit Court's June 4, 2024 "Order Granting [SEA's] Motion to Transfer Case to Hawaii Supreme Court."

lacked jurisdiction to enter the Order Denying Intervention.  It must therefore be vacated on that basis, and we need not reach Nā Hīnano's remaining contentions.

For the reasons discussed above, the "Order Denying Movant Nā Hīnano['s] Motion To Intervene or Alternatively for Leave to File Brief of Amicus Curiae," entered on April 6, 2022, by the Circuit Court of the Second Circuit, is vacated.

DATED:  Honolulu, Hawaiʻi, July 31, 2025.


On the briefs:

Lance D. Collins,
Christina Lizzi, and
Bianca Isaki
for Applicant for
Intervention-Appellant.

Leslie K. Iczkovitz
for Appellants-Appellees.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

5